## No. 4502.

### J. O. PIERCE, JR., *v.* WM. CLARK and SHERIFF.

The title to property can not be attacked collaterally, and where a judgment creditor seizes property as belonging to his judgment debtor, but the title to which stands in the name of another, he assumes the burden of showing simulation.

The object of registry both of sales and mortgages is notice, and when the recorder registers a private sale, whether he has done so on sufficient proof is immaterial as regards notice to the public ; the object of the law is fulfilled, and subsequent purchasers are affected.

The failure of the recorder to inscribe with the instrument the proof upon which he admits it to registry does not render the registry null.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough, J. Sparrow & Montgomery,* for plaintiff and appellant. *J. E. Leonard,* for defendants and appellees.

HOWELL, J. The plaintiff has injoined the sale of an undivided half of the Oakland plantation, in Carroll parish, on the ground that he is the owner thereof by purchase in good faith and for a valuable consideration, with actual possession from the date of his purchase. He asked also for damages. The defendant, Clark, charged that the sale to plaintiff by his father, the debtor of deponent, is simulated and was entered into for the purpose of screening the property of the said debtor, who was then insolvent, from his creditors. He prayed for a dissolution of the injunction with damages. From a judgment in favor of defendant dissolving the injunction without damages the plaintiff has appealed.

It is the well settled jurisprudence of this court that the title to property can not be attacked collaterally, and that where a judgment creditor seizes property as belonging to his judgment debtor, but the title to which stands in the name of another, he assumes the burden of showing simulation. The counsel for defendant contends that simulation in this case is shown by the fact that the title of plaintiff is by act under private signature, which was not recorded according to law, so as to have effect against creditors and third persons, and was not attended by actual delivery. The act was recorded in due time, but the proof, taken at the time, by which it was admitted to registry was not recorded, nor was a certificate of the acknowledgment of the party recorded, which, it is contended, is essential under article 2253 R. C. C., which reads :

"The record of an act under private signature, purporting to be a sale or exchange of real property, shall not have effect against creditors or *bona fide* purchasers, unless, previous to its being recorded it was acknowledged by the party, or proved by the oath of one of the subscribing witnesses, and the certificate of such acknowledgment be signed by the parish recorder, a notary or a justice of the peace, and recorded with the instrument."

The question is: Is the record of an act under private signature without any effect, if it does not contain the proof upon which the act was admitted to registry or record?

The object of registry, both of sales and mortgages, is notice; and when the recorder registers a private sale, whether he have done so on sufficient proof, is immaterial as regards notice to the public; the object of the law is fulfilled, and subsequent purchasers are affected. 9 An. 547; 10 An. 502; 5 An. 225; 6 An. 242; 2 An. 251; 21 An. 241. In 14 An. 701 it is said: "A private act once registered in the recorder's office becomes authentic, giving notice to creditors and third persons." And in 11 An. 533, where this question was directly presented, it is said: "It is the recording of the titles in the proper office which is notice to third parties, and not the testimony upon which the parish judge or recorder may have admitted the instrument to record."

From these rulings the doctrine is clearly deduced that the failure of the recorder to inscribe with the instrument the proof upon which he admits it to registry does not render the registry null.

There is satisfactory evidence that the purchaser obtained actual possession of the property as to his vendor at the time of the sale.

The motion to dismiss is not sustained, the matter in dispute being largely over $500.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction herein be perpetuated, with fifty dollars as attorney's fee and costs in both courts.

Rehearing refused.